IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANTHONY REECE, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO.: 1:06-CV-107 (WLS) |
| | : |
| Warden CYNTHIA NELSON; STACY WEBB; KEITH JONES; Mr. RIGSBY; LESLIE CURRY; Dr. HARRISON; Dr. DURY; NOWL; Mr. MCCASKILL; THORNTON; Mr. TAMARGO; SHIVERS; WILSON; Dr. JAMES DEGROOT, | : |
| | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : BEFORE THE U.S. MAGISTRATE JUDGE |
| | : |
| | : **ORDER** |

Plaintiff **ANTHONY REECE**, an inmate at Autry State Prison in Pelham, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also has sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). It appears that plaintiff us unable to pay the cost of commencing this action and, therefore, plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Plaintiff initiated this action by filing a 42 U.S.C. § 1983 complaint that named fourteen (14) defendants. Plaintiff complains about a lack of mental health care, no access to grievance procedures, and no access to a law library. However, plaintiff in no way links these allegations to his fourteen (14) named defendants.

The Court finds that it needs more information before it can review plaintiff's claims. Specifically, as to each individual defendant that plaintiff has named, he must make a **brief** factual recitation of the specific actions or omissions of said defendant (including dates, if possible) that allegedly were in violation of plaintiff's constitutional rights. In other words, plaintiff must tell the court exactly why he has named each defendant in this action. It is not enough to make general allegations of constitutional violations; plaintiff must tell **exactly** how each individual defendant allegedly violated his rights.

There shall be no service of process on any defendant until further Order of the Court.

**SO ORDERED**, this 27th day of July, 2006.

*/s/ Richard L. Hodge*
RICHARD HODGE
UNITED STATES MAGISTRATE JUDGE

lnb