**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **ANTHONY REECE** | : |
| **Plaintiff,** | : |
| VS. | : CIVIL ACTION FILE |
| | : NO. 1:06-CV-107 (WLS) |
| **CYNTHIA NELSON, STACY WEBB,** | : |
| **KEITH JONES, MR. RIGSBY, LESLIE** | : |
| **CURRY, DR. HARRISON, DR. DRURY,** | : |
| **NOWL, MR. McCASKILL, THORNTON,** | : |
| **MR. TAMARGO, SHIVERS, WILSON,** | : |
| **and DR. JAMES DEGROOT,** | : |
| **Defendants.** | : |

## RECOMMENDATION

Plaintiff filed this § 1983 complaint on July 26, 2006, against some fourteen (14) defendants who were either employed at or associated with Autry State Prison in Pelham Georgia (document # 2). The complaint was ordered served upon the defendants on August 22, 2006 (document # 7). Plaintiff, who maintains that he is mentally ill and has psychotic problems as the result of a self inflicted gunshot to the head, is essentially complaining that upon his arrival at Autry State Prison defendant Dr. Degroot took him off all of the medicines that he had been prescribed for his condition and replaced them with different medicines that caused him additional problems. As to the thirteen (13) other defendants plaintiff maintains that he asked each of them for help with his conditions and medicines, all to no avail (document # 2).

The answer of defendants Lunney (identified by plaintiff as Curry), Harrison, Drury, Nowell (identified by plaintiff as Nowl), McCaskill, Thornton, Tomargo and Shivers was filed on October 13, 2006 (document # 10). Defendant Dr. Degroot answered on October 26, 2006

(document # 13), followed by the answer of defendants Nelson, Webb, Jones and Rigsby on October 27, 2006, (document # 15). It is here noted that defendant Wilson was never served (thus no answer) as this defendant was no longer employed at Autry State Prison when service was attempted (document # 9).

Given the scheduling and discovery order used by this court in cases brought by *pro se* prisoners, the discovery period began as to each defendant with the filing of their answer and ended ninety days thereafter. The last answer in this case having been filed on October 27, 2006, discovery as to all defendants ended on or before January 25, 2007. In this case the plaintiff undertook no discovery. In fact he has made no effort to prosecute this matter since the filing of his complaint almost one year ago.

On January 9, 2007, defendants Lunney (Curry), Harrison, Drury Nowell (Nowl), McCaskill, Thornton, Tomargo and Shivers filed their motion to dismiss plaintiff's complaint alleging his failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing suit, his failure to allege or show an actual physical injury as required by the PLRA and his failure to state a claim upon which relief might be granted (document # 29). On January 15, 2007, defendants Nelson, Webb, Jones and Degroot filed their motion to dismiss the complaint in which they essentially adopted the earlier filed motion of the co-defendants (document # 31). On January 18, 2007, the undersigned gave plaintiff notice of the filing of the above referenced motions and informed him of his opportunity to respond in opposition to the motions (document # 32). Specifically that notice advised the plaintiff that if he, "fails to oppose said motions, his complaint may be dismissed as to those defendants," and further that, **"FAILURE OF THE PLAINTIFF HEREIN TO RESPOND**

**TO THE MOTIONS TO DISMISS MAY RESULT IN THE GRANTING OF THE MOTIONS"** (Emphasis in original). As was earlier mentioned, plaintiff who has done nothing to prosecute this matter since the filing of this complaint, failed to respond to either motion. It appearing that he was simply overlooked from inclusion in the January 15, 2007, motion, defendant Rigsby filed his motion to dismiss on April 24, 2007 (document # 38).

As earlier stated with regard to defendant Wilson, he was never served with a copy of the complaint and thus has never filed an answer or participated in this case in any manner whatsoever. Plaintiff failed to respond to any of the motions to dismiss, engage in any discovery or otherwise pursue his claims against any of the named defendants since he filed the complaint some eleven months ago. In the event that his address has changed plaintiff also failed to notify the court of this fact as previously ordered.

It appears obvious to the undersigned that he has lost all interest in prosecuting this matter. Inasmuch as the plaintiff has failed to respond to the court's directives and has otherwise failed to respond to the merits of the defendants' Motions to Dismiss, it is the recommendation of the undersigned that the defendants' Motions to Dismiss be **GRANTED**.

Further, this case is also subject to being dismissed pursuant to Federal Rule Of Civil Procedure 41(b) for plaintiff's obvious failure prosecute this matter. Plaintiff was advised in the scheduling and discovery order entered herein, "that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute."

In the event that this recommendation is adopted by the District Judge to whom it has been assigned it will have the effect of granting the three motions to dismiss pending at docket

numbers 29, 31, and 38 and to dismiss defendant Wilson. At that point there will be no defendants and the case will be closed. Because the undersigned has recommended that all pending motions to dismiss be granted for the above stated reasons it is not deemed necessary to consider the grounds for dismissal urged by the defendants in their motions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof

SO RECOMMENDED, this 28th day of June 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE